**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4386**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

UNDER SEAL,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:09-cr-00058-JPB-DJJ-1)

Submitted:  February 10, 2011        Decided:  February 16, 2011

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Kirk H. Bottner, BOTTNER AND SKILLMAN, ATTORNEYS AT LAW, Charles Town, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant pled guilty pursuant to a plea agreement to possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2006), and was sentenced to 130 months in prison. Counsel has filed a timely appeal, pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel states that there are no meritorious grounds for appeal, but explains that Appellant wishes to challenge his sentence. Appellant filed a pro se supplemental brief, also raising several issues pertaining to his sentence. The Government has filed a responsive brief, asserting that Appellant's challenges are barred by his plea agreement's appellate waiver.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Appellant knowingly and voluntarily waived his right to appeal his sentence on any ground whatsoever, including the manner in which the sentence was determined, so long as it was within the statutory maximum. Because neither counsel nor Appellant raise any issues outside the waiver's scope, we enforce the agreement's terms and dismiss the appeal as to Appellant's sentence. Since the appellate waiver pertains only to Appellant's sentence, however, we have reviewed his conviction pursuant to our obligations under Anders. Having done so, we

2

find no meritorious issues for appeal.  Accordingly, although we dismiss this appeal to the extent it seeks review of Appellant's sentence, we affirm as to Appellant's conviction.

This court requires that counsel inform Appellant, in writing, of his right to petition the Supreme Court of the United States for further review.  If Appellant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Appellant.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
